# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON,<br>              Plaintiff, | )<br>)<br>) |
| vs. | ) Civil Action No. 12-1188<br>) |
| RANDAL B. TODD, Individually;<br>ALLEGHENY COUNTY EXECUTIVE;<br>COURT OF COMMON PLEAS<br>ADMINISTRATOR OF THE COURTS;<br>PRESIDENT JUDGE OF COURT(S) OF<br>COMMON PLEAS,<br>              Defendants. | ) Judge Arthur J. Schwab/<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "Motion"), ECF No. 1, be denied.

**II. REPORT**

Lynne Thompson,[1] ("Plaintiff") is a prisoner who previously filed several lawsuits, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a consequence, she has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

---

[1] The Court takes judicial notice of the fact that Lynne Thompson is also known as "Lynne Lamar" and "Lynne L. Thompson" and "Lynne Lamar Thompson."

     http://inmatelocator.cor.state.pa.us/inmatelocatorweb

(site last visited 11/7/2012). See also Lynne Lamar Thompson v. Plum Boro Administration, No. 07-CV-26 (W.D. Pa. ECF No. 2) (Report recommending denial of IFP status to "Lynne Lamar Thompson" and relying on cases filed by "Lynne Lamar").

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

In considering the pending Motion, this Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the United States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] Plaintiff's three strikes are as follows: 1) Lamar v. Onyundo, No. 95-CV-568 (W.D. Pa., ECF No. 4 (Report and Recommendation recommending dismissal of case as frivolous), and ECF No. 5 (Memorandum Order adopting Report and Recommendation)); 2) Lamar v. McDaniels No. 95-CV-640 (W.D. Pa., ECF No. 8 (Report and Recommendation recommending dismissal of case as

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

frivolous), and ECF No. 5 (Memorandum Order adopting Report and Recommendation)); and 3) Lamar v. Commonwealth of Pennsylvania and Judge McDaniel, No. 97-CV-1566 (W.D. Pa., ECF No. 16 (Report and Recommendation recommending grant of motions to dismiss for failure to state a claim), and ECF No. 17 (Memorandum Order adopting Report and Recommendation)). In fact, Plaintiff has more than three strikes. See also Lamar v. Packard, No. 01-CV-1333 (W.D. Pa., ECF No. 3) (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) for failure to state a claim); Lamar v. Attorney-at-law Robert Marcus, No. 02-CV-225 (W.D. Pa., ECF No. 3) (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) as frivolous). Moreover, the United States Court of Appeals for the Third Circuit has found that Plaintiff has three strikes against her. See, e.g., Thompson v. Plum Boro Admin., No. 07-2278 (3d Cir. 5/1/2007). Accordingly, because Plaintiff has at least three strikes, she may not proceed IFP. Furthermore, it is noted that Plaintiff has not alleged anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Plaintiff's Complaint centers around the alleged actions of Allegheny County Court of Common Pleas Judge Todd who presided over Plaintiff's criminal proceedings wherein she pleaded guilty. She alleges that Judge Todd violated her rights because he never ruled on any motions, apparently filed pro se by Plaintiff, notwithstanding that she had an attorney appointed for her. However, she further complains that Judge Todd was well aware that she was dissatisfied with the appointed attorney. ECF No. 1-1 at 3, ¶ IV.C.

The Complaint fails to allege any danger of physical injury, yet alone, danger of physical injury that is imminent as would be required under Section 1915(g) in order to permit a prisoner to proceed IFP even though he has three strikes.

Because Plaintiff has failed to assert any allegation that would permit her to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

**III. CONCLUSION**

For the reasons set forth herein, it is recommended that the pending Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Date: November 19, 2012

cc: The Honorable Arthur J. Schwab
United States District Judge

LYNNE THOMPSON
OT 0636
SCI Muncy
P.O. Box 180
Muncy, PA 17756

LYNNE THOMPSON
OT 0636
SCI-Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16403-1238